UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SHERRY WILLIAMS | CIVIL ACTION |
| VERSUS | NO. 22-4958 |
| ALLSTATE INDEMNITY COMPANY | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is defendant's unopposed motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[1]  For the following reasons, the Court grants the motion.

## I.   BACKGROUND

Plaintiff Sherry Williams owns property in Ama, Louisiana, that was allegedly damaged by Hurricane Ida in August 2021.[2]  Plaintiff alleges that she had an insurance policy issued by defendant covering the property at the time of the hurricane.[3]  Plaintiff alleges that after the hurricane, she timely notified defendant of the loss and reported the covered damages.[4]  Plaintiff

---

[1]   R. Doc. 19.
[2]   R. Doc. 1 ¶¶ 1, 9.
[3]   *Id.* ¶¶ 6-10.
[4]   *Id.* ¶¶ 20-21.

further alleges that defendant conducted an inspection of the property, but failed to pay the amount due under the policy.[5]  Plaintiff alleges that defendant materially breached its contract with plaintiff by (1) not thoroughly investigating plaintiff's claims, (2) providing unrealistic and arbitrary estimates of the value of the covered damages, (3) arbitrarily dismissing obvious damage caused by the hurricane, (4) denying all or part of, or grossly underpaying, plaintiff's covered claims, (5) failing to tender proceeds due under the insurance policy in a timely fashion, (6) failing to timely tender undisputed amount owed under the policy, and (7) not acting reasonably under the circumstances.[6]  Plaintiff further alleges that defendant is liable for penalties, attorney's fees and costs, and interest under Louisiana's bad faith statutes, La. Rev. Stat. §§ 22:1892 and 22:1973.[7]

Defendant now moves to dismiss, contending that the complaint makes only conclusory allegations without sufficient factual detail, and that defendant has tendered payments up to the policy limits for the claimed damages.[8]

The Court considers the motion below.

---

[5]   *Id.* ¶ 22.
[6]   *Id.* ¶ 24.
[7]   *Id.* ¶¶ 25-34.
[8]   R. Doc. 19-1.

2

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239, 244 (5th Cir. 2009). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

On a Rule 12(b)(6) motion, the Court must limit its review to the contents of the pleadings, including attachments. *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). The Court may also consider documents attached to a motion to dismiss or an opposition to that motion when the documents are referred to in the pleadings and are central to a plaintiff's claims. *Id.* Additionally, the Court may "consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008) (alteration in original)

3

(quoting *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (internal quotation marks omitted)).  When "'facts are admitted or are not controverted,'" such as when a plaintiff fails to respond to the allegations in a motion to dismiss, "a district court 'may consider' other 'sources' when deciding a Rule 12(b)(6) motion, such as 'documents incorporated into the complaint by reference or integral to the claim . . . items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned."  *Stiel v. Heritage Numismatic Auctions, Inc.*, 816 F. App'x 888, 891-92 (5th Cir. 2020).

### III.  DISCUSSION

#### A.  **Breach of Contract**

As an initial matter, the Court will consider the insurance policy declaration page and the payment ledger attached to defendant's motion to dismiss because the policy and defendant's payment history are referenced in plaintiff's complaint when plaintiff states that defendant "refused to honor its obligations" under the policy by "denying and/or underpaying [p]laintiff's insurance claims,"[9] and central to plaintiff's claims because plaintiff must

---

9   R. Doc. 1 ¶ 15.

show that defendant did not adequately pay her insurance claim. See *Stiel*, 816 F. App'x at 891-92.

In Louisiana, a breach of contract claim has three elements: "(1) the obligor[] undert[ook] an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *IberiaBank v. Broussard*, 907 F.3d 826, 835 (5th Cir. 2018) (citations and internal quotation marks omitted). To state a claim for breach of an insurance policy, the plaintiff must also specify the provisions of the policy breached. *Hibbets v. Lexington Ins. Co.*, 377 F. App'x 352, 355 (5th Cir. 2010) (per curiam) ("We have recognized that in order to allege a valid 'claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.'" (quoting *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir. 2002))).

Here, plaintiff fails to identify specific policy provisions that defendant breached in pleading its breach of contract claim.[10]  *See Engles v. Great Lakes Ins. SE*, 675 F. Supp. 3d 702, 707 (E.D. La. 2023) (noting that this failure "alone is enough to render the complaint deficient" (internal quotation marks omitted)). Further, plaintiff's petition makes only vague and conclusory allegations, and does not refer to specific actions or

---

10  R. Doc. 1-2 ¶¶ 20-24.

5

omissions by defendant. For example, the only date referred to in plaintiff's petition is the date of the loss event, August 29, 2021. Plaintiff does not state when she notified defendant of the loss, when defendant responded to the notice of the loss, or whether defendant has made any payments on the claim. *See JMC - Tran Props. v. Westchester Surplus Lines Ins. Co.*, No. 22-4727, 2023 WL 2527168, at *5 (E.D. La. Mar. 15, 2023) (finding complaint failed to state a claim when it did not state when defendant received satisfactory proof of loss, when inspections took place, any amounts paid on insurance claim, or why unpaid portions should be considered undisputed).

Moreover, the declarations page of the insurance policy shows that defendant's limits of liability are $152,959 for dwelling protection, $139,592 for personal property protection, and 12 months for additional living expenses.[11] The payment ledger shows that defendant paid plaintiff $152,959 on September 14, 2021, for dwelling protection; $31,511.07 on September 17, 2021, for personal property; $108,080.93 on January 28, 2022, for personal property; and $28,625.25 over the course of the year beginning on September 1, 2021, for additional living expenses.[12] Thus, the payment ledger shows that defendant has tendered payments up to the policy

---

[11] R. Doc. 19-5 at 3.
[12] R. Doc. 19-4 at 2-4.

limits of dwelling, personal property, and additional living expenses coverage. *See Brown v. LM Gen. Ins. Co.*, No. CV 21-2134, 2021 WL 2333626, at *3 (E.D. Pa. June 7, 2021) ("A policy limit is . . . the ultimate maximum that an insured could theoretically recover."); *Brown v. Am. Bankers Ins. Co. of Fla.*, No. 18-413, 2019 WL 2169186, at *1 (S.D. Miss. May 17, 2019) (dismissing complaint on motion under Rule 12(c) and noting "[d]efendant complied with the appropriate insurance policy when it paid the policy limit."). Accordingly, the Court finds that plaintiff's breach of contract claim should be dismissed under Rule 12(b)(6).

### B. Louisiana Bad Faith Statutes

To state a claim for breach of Louisiana's bad faith statutes, plaintiff must adequately allege a breach of contract claim and include "factual allegations" sufficient "to plausibly conclude" that the defendant violated the statutes. *Hibbets*, 377 F. App'x at 355-56 ("Simply stating a conclusory allegation that [defendant]'s actions were arbitrary, or that [defendant] breached a duty, without providing factual allegations in support is insufficient to state a claim.").

The Court has already found that plaintiff failed to adequately plead a breach of contract claim. Further, there are no factual allegations in the

7

petition to support plaintiff's allegation that defendant breached Louisiana's bad faith statutes because the petition does not specify when defendant received notice of the claim, what steps it took to adjust the claim, whether it ever made any payments on the claim, or, if it did not make payments on the claim, why it refused to do so. *See NAZ LLC v. Mt. Hawley Ins. Co.*, No. 21-1893, 2022 WL 1719272, at *3 (E.D. La. May 27, 2022) ("Simply stating a conclusory allegation that [defendant]'s actions were arbitrary or that [defendant] breached a duty, without providing factual allegations in support, is insufficient to state a claim."). Accordingly, the Court finds that plaintiff's claims under Louisiana's bad faith statutes should be dismissed under Rule 12(b)(6).

### C. Leave to Amend

Defendant contends that plaintiff's claims should be dismissed with prejudice, and plaintiff should not be granted leave to file an amended complaint. A plaintiff must "'expressly request' leave to amend." *Law v. Ocwen Loan Servicing, L.L.C.*, 587 F. App'x 790, 796 (5th Cir. 2014) (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). Plaintiff has not requested leave to amend the complaint. Accordingly, plaintiff's complaint must be dismissed without leave to amend. *See Cinel v. Connick*, 15 F.3d 1338, 1346 (5th Cir. 1994)

(affirming dismissal with prejudice under Rule 12(b)(6) when plaintiff failed to request leave to amend). Further, as defendant has tendered the policy limits, amendment would be futile.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss. Plaintiffs' claims are dismissed WITH PREJUDICE.

New Orleans, Louisiana, this __29th__ day of April, 2024.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE